850 A.2d 1225

EVALYN "JUNE" PILKINGTON, PLAINTIFF–
APPELLANT, v. BALLY'S PARK PLACE,
INC., DEFENDANT–RESPONDENT.

Argued April 26, 2004—Decided June 16, 2004.

*Arlene Gilbert Groch,* argued the cause for appellant.

*David W. Garland,* argued the cause for respondent (*Sills Cummis Epstein & Gross,* attorneys; *Jerrold J. Wohlgemuth,* on the brief).

PER CURIAM.

In this employment action brought pursuant to the New Jersey Law Against Discrimination, *N.J.S.A.* 10:5–1 to –49, June Pilkington, a fifty-nine-year-old casino pit manager alleged that her employer, Bally's Park Place, Inc., discriminated against her by

failing to promote her because of age. (She also alleged retaliatory discharge, but that issue is not before us.) The trial court granted the employer's motion for summary judgment, declaring that Pilkington had failed to establish a *prima facie* case of employment discrimination because she did not show that she was "qualified" for the position at issue. Pilkington appealed and the Appellate Division majority affirmed. *Pilkington v. Bally's Park Place, Inc.*, 370 *N.J.Super.* 140, 143, 851 *A.*2d 1, 2, 2003 *WL* 23571767 (App.Div.2003). In a dissenting opinion, Judge Barbara Byrd Wecker concluded that Pilkington had, in fact, established *prima facie* that she possessed the qualifications for the position. *Id.* at 170–71, 851 *A.*2d at 19, 2003 *WL* 23571767 (Wecker, J.A.D., dissenting). Pilkington appeals to us as of right based on that dissent. *R.* 2:2–1(a)(2).

We have carefully reviewed this record in light of the contentions advanced by both parties and have concluded that Judge Wecker correctly analyzed the issue. Pilkington established her knowledge of the games of chance and her long experience supervising those games, although she did acknowledge that she needed a "refresher" in craps. She also produced evidence that Bally's treated a similarly situated employee as qualified. Viewing that evidence in a light most favorable to Pilkington, *see Brill v. Guardian Life Insurance Co. of America*, 142 *N.J.* 520, 523, 666 *A.*2d 146, 147 (1995), the record establishes her qualification for the position at issue *prima facie*. We therefore reverse, substantially for the reasons expressed in Judge Wecker's thorough and thoughtful dissenting opinion. *Pilkington v. Bally's Park Place, Inc.*, 370 *N.J.Super.* 140, 153, 851 *A.*2d 1, 9, 2003 *WL* 23571767.

Our ruling is not meant to suggest any tilt on the ultimate outcome in the case, but only that in its present posture, Bally's summary judgment motion should not have been granted.

The judgment of the Appellate Division is reversed. The case is remanded for further proceedings consistent with this opinion.

*For reversal and remandment*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE—6.

*Opposed*—None.